Benjamin C. Elacqua (admitted *pro hac vice*)
Texas Bar No. 24055443
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, Texas 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109
Email: elacqua@fr.com
*Additional Counsel on Signature Page*

Counsel for Defendants
NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc.,
Altria Group Distribution Company, and Altria Client Services LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF ARIZONA

| | |
|---|---|
| JUUL Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC, <br><br> Defendants. | Case No. 2:25-CV-02853-JJT <br><br> **HONORABLE JOHN J. TUCHI** <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

Defendants NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC ("Defendants") file this Answer ("Answer") to Plaintiff JUUL Labs, Inc.'s ("Plaintiff") Complaint for Patent Infringement, ECF No. 1 ("Complaint"). The numbered Paragraphs in this Answer correspond to the like-numbered Paragraphs of the Complaint, to the extent applicable. Defendants deny the allegations and characterizations in the Complaint unless expressly admitted in the following Paragraphs. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may

1

arguably follow from the admitted facts. Defendants deny that Plaintiff is entitled to the relief requested.

I.  INTRODUCTION[1]

1. To the extent that Paragraph 1 contains conclusions of law, no response is necessary. Defendants admit that the Complaint purports to bring a patent infringement action under Title 35 of the United States Code for alleged infringement of United States Patent No. 12,156,533 ("Asserted Patent" or the "'533 Patent").

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, deny all such allegations.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, deny all such allegations.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, deny all such allegations.

5. To the extent that Paragraph 5 contains conclusions of law, no response is necessary. Defendants admit that Plaintiff, through its Complaint, has named NJOY, LLC, and NJOY Holdings, Inc. (collectively "NJOY") and Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC (collectively, "Altria") as Defendants in this case. Defendants deny that they infringe any valid claim of the Asserted Patent. Defendants deny any remaining allegations contained in Paragraph 5 of the Complaint.

---

[1] The Complaint's headers are repeated in the Answer for convenience. This does not constitute an admission to the statements or assertions in the headers.

2

6. To the extent that Paragraph 6 contains conclusions of law, no response is necessary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, on that basis, deny all such allegations.

7. Denied.

8. To the extent that Paragraph 8 contains conclusions of law, no response is necessary. Defendants admit that NJOY, LLC filed a complaint at the International Trade Commission against Plaintiff in 2023 and the ITC issued an initial determination that found no violation. *Certain Vaporizer Devices, Cartridges Used Therewith, and Components Thereof*, Inv. No. 337-TA-1372, EDIS Doc. ID 840701 (Jan. 8, 2025). Defendants further admit that NJOY, LLC sought to appeal the ITC's findings, voluntarily dismissed the appeal, and sought to lift the stay in the parallel litigation in District Court. Defendants deny the remaining allegations in Paragraph 8 of the Complaint, including whether any finding from the ITC is binding on a District Court.

9. Defendants admit that Altria was a prior investor in Plaintiff. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 contains conclusions of law, no response is necessary. Defendants admit that Plaintiff, through its Complaint, alleges infringement of claims 1, 2–8, and 10 of the '533 Patent. Defendants deny that they infringe any valid claim of the Asserted Patent. Defendants deny any remaining allegations contained in Paragraph 10 of the Complaint.

II.   **PLAINTIFF**

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, deny all such allegations.

1  12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, deny all such allegations.

### A. Plaintiff's History

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, deny all such allegations.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, deny all such allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, deny all such allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, deny all such allegations.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, deny all such allegations.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, deny all such allegations.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, deny all such allegations.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, deny all such allegations.

1   21.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, deny all such allegations.

2   22.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, deny all such allegations.

3   23.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, deny all such allegations.

4   24.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, deny all such allegations.

## B.   The JUUL System

25.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, deny all such allegations.

26.   Denied.

27.   Defendants admit Paragraph 27 includes a partial quote of testimony provided in *Certain Vaporizer Devices, Cartridges Used Therewith, and Components Thereof*, Inv. No. 337-TA-1368, EDIS Doc. ID 830979, Hrg. Tr. at 831:8-16 (May 8, 2024). Defendants deny all allegations in Paragraph 27 of the Complaint, including whether any finding from the ITC is binding on a District Court.

28.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, deny all such allegations.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, deny all such allegations.

30. Defendants admit Paragraph 30 of the Complaint purports to include a photograph of the JUUL product. To the extent that there are any allegations concerning the photograph in Paragraph 30, Defendants are without knowledge or information sufficient to form a belief as to the truth of the photograph in Paragraph 30 and, on that basis, deny all such allegations. Defendants deny any remaining allegations in Paragraph 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, deny all such allegations.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, deny all such allegations.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, deny all such allegations.

### III.    DEFENDANTS

34. Defendants admit that NJOY, LLC is a limited liability corporation organized under the laws of Delaware with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230. Defendants further admit that NJOY, LLC is a wholly owned subsidiary of Altria Group, Inc. and was acquired on June 1, 2023.  Defendants deny any remaining allegations in Paragraph 34 of the Complaint.

35. Defendants admit that NJOY Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230. Defendants admit that NJOY

1  Holdings, Inc. is the holding company for NJOY, LLC.  Defendants admit NJOY
2  Holdings, Inc. is a wholly owned subsidiary of Altria Group, Inc. and was
3  acquired on June 1, 2023.  Defendants deny any remaining allegations in
4  Paragraph 35 of the Complaint.
5      36.    Defendants admit that Altria Group, Inc. is a corporation organized
6  under the laws of the Commonwealth of Virginia, with its principal place of
7  business located at 6601 West Broad Street, Richmond, Virginia 23230.
8      37.    Defendants admit that Altria Group Distribution Company is a
9  corporation organized under the laws of the Commonwealth of Virginia with its
10 principal place of business located at 6601 West Broad Street, Richmond, Virginia
11 23230. Defendants admit that Altria Group Distribution Company is a wholly
12 owned subsidiary of Altria Group Inc. Defendants admit that Altria Distribution
13 Company provides sales and distribution services to Altria Group, Inc.'s operating
14 subsidiaries, including NJOY.
15     38.    Defendants admit that Altria Client Services LLC is a limited
16 liability company organized under the laws of the Commonwealth of Virginia with
17 its principal place of business located at 6601 West Broad Street, Richmond,
18 Virginia 23230. Defendants admit that Altria Client Services LLC is a wholly
19 owned subsidiary of Altria Group, Inc.
20     39.    Defendants admit that Plaintiff, through its Complaint, accuses
21 Defendants of allegedly infringing the Asserted Patent. Defendants deny any
22 alleged infringement. Defendants deny the remaining allegations in Paragraph 39
23 of the Complaint.
24     40.    Defendants admit that the NJOY Daily is a product that Defendants
25 make, import, offer for sale, and sell within the United States. Defendants deny the
26 remaining allegations in Paragraph 40 of the Complaint.
27     41.    Defendants admit that Exhibit 4 at 1–2 purports to be a photograph
28 of the packaging for an NJOY Daily Device. To the extent that there are any

1  allegations concerning the photograph Paragraph 41, Defendants deny them.
2  Defendants deny any remaining allegations in Paragraph 41 of the Complaint.
3  **IV.    JURISDICTION AND VENUE**
4          42.     To the extent that Paragraph 42 contains conclusions of law, no
5  response is necessary. To the extent a response is deemed required, Defendants
6  admit that, for the purposes of this case only, that this Court has subject matter
7  jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and
8  other requirements are met. Defendants deny that Plaintiff is entitled to any relief
9  for its allegations of patent infringement, whether by award of damages,
10 injunction, or otherwise.  Defendants further deny any allegations of infringement.
11         43.     To the extent that Paragraph 43 contains conclusions of law, no
12 response is necessary. To the extent a response is deemed required, Defendants
13 admit for purposes of this case only that venue exists in this District for claims
14 against Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendants deny
15 they committed acts of infringement in this District and deny that Plaintiff is
16 entitled to any relief for its allegations of patent infringement, whether by award of
17 damages, injunction, or otherwise.  Defendants are without knowledge or
18 information sufficient to form a belief as to the truth of the remaining allegations
19 in Paragraph 43 of the Complaint and, on that basis, deny all such allegations.
20         44.     Defendants admit that Altria Group Distribution Company has a
21 registered agent located in Phoenix, Arizona.
22         45.     Defendants admit that NJOY, LLC has a registered agent located in
23 Phoenix, Arizona.
24         46.     Defendants incorporate by reference their responses to Paragraphs
25 35 and 36 as if fully set forth herein.
26         47.     To the extent Paragraph 47 of the Complaint implicates legal
27 conclusions, no response is necessary. To the extent a response is deemed
28 required, Defendants admit that for purposes of this case only that this Court has

8

personal jurisdiction over Defendants. Defendants further admit that they conduct business in the State of Arizona and in this District. Defendants deny they committed acts of infringement in this District and/or have contributed to or induced acts of patent infringement by others in this District and elsewhere in the United States and deny that Plaintiff is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise. Defendants deny any remaining allegations in Paragraph 47 of the Complaint.

## V. THE TECHNOLOGY AND PRODUCTS AT ISSUE

### A. Background of the Technology

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on that basis, deny all such allegations.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, on that basis, deny all such allegations.

### B. Products at Issue

50. Defendants admit that Plaintiff, through its Complaint, accuses Defendants of allegedly infringing the Asserted Patent. Defendants deny any alleged infringement. Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

## VI. THE ASSERTED PATENT

51. Defendants admit that Plaintiff, through its the Complaint, alleges infringement of the '533 Patent. Defendants deny any alleged infringement. Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

### A. The '533 Patent

52. Defendants admit only that, while on its face, the '533 patent was issued by the U.S. Patent and Trademark Office ("USPTO") on December 3, 2024 to Plaintiff. Defendants further deny that the '533 patent was "duly and lawfully

9

1  issued" by the USPTO. Defendants deny the remaining allegations in Paragraph 52 of the Complaint.

2  53.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, on that basis, deny all such allegations.

3  54.  Defendants admit that, on its face, the '533 patent is entitled, "Nicotine Salt Formations for Aerosol Devices and Methods Thereof," names Adam Bowen and Chenyue Xing as co-inventors, and issued from U.S. Patent Application No. 17/171,976, which was filed on February 9, 2021, which claims to be a continuation of application No. 14/925,961 filed on October 28, 2015, which claims to be a continuation application of application No. 14/271,071 filed on May 6, 2014. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

4  55.  Defendants admit that Exhibit 1 purports to be a copy of the Asserted Patent. Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

5  56.  Defendants admit that Exhibit 2 purports to be a copy of the assignment records from the named inventors to Plaintiff for U.S. Patent. No. 12,156,533. To the extent that there are any allegations concerning the assignment records, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 56 of the Complaint and, on that basis, deny all such allegations. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

**VII.  DEFENDANT'S INFRINGEMENT OF THE ASSERTED PATENT**

57.  Defendants admit that Plaintiff, through its Complaint, accuses Defendants of allegedly infringing the Asserted Patent. Defendants deny any alleged infringement. Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

1  58. Denied.

2  **A.  Count I – Infringement of the '533 Patent**

3  59. Defendants incorporate by reference their responses in the preceding
4  paragraph as if fully set forth herein.

5  60. Denied.

6  61. Denied.

7  62. Denied.

8  63. Denied.

9  64. Denied.

10  65. Denied.

11  66. Denied.

12  67. Denied.

13  68. Denied.

14  69. Denied.

15  **VIII. [PLAINTIFF'S] DEMAND FOR JURY TRIAL**

16  Defendants are not required to provide a response to Plaintiff's request for a
17  trial by jury.

18  **IX.  [PLAINTIFF'S] PRAYER FOR RELIEF**

19  Defendants deny that Plaintiff is entitled to any relief it seeks in its
20  Complaint.

21
## GENERAL DENIAL
22
23  To the extent that any allegations of the Complaint have not been
previously specifically admitted or denied, Defendants deny them.
24
## DEFENDANTS' AFFIRMATIVE DEFENSES
25
26  Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without
waiver, limitation, or prejudice, hereby assert the affirmative defenses listed
27
below.
28

11

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Noninfringement)**

Defendants do not infringe and have not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Asserted Patent, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel, Prosecution History Estoppel and/or Disclaimer)**

Plaintiff is estopped based on statements, representations, admissions made during prosecution of the patent applications resulting in the asserted patent, and admissions related to the same patent family made by Plaintiff in other litigation cases, from asserting any interpretation of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any accused product alleged to infringe the Asserted Patent, either literally or by application of the Doctrine of Equivalents.

**FIFTH AFFIRMATIVE DEFENSE**
**(Standing)**

To the extent that Plaintiff does not own all substantial rights in the Asserted Patent, Plaintiff lacks standing to pursue some or all of its claims against Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286, 288, and/or 28 U.S.C. § 1498.

### SEVENTH AFFIRMATIVE DEFENSE
### (Marking)

Any claim for damages by Plaintiff is limited by failure to mark, including without limitation, to the extent Plaintiff contends that any products made by it or any licensees to the Asserted Patent are covered by the Asserted Patent, to the extent that any such entity fails to mark its products with the numbers of the Asserted Patent and/or its failure to require and/or police marking.

### EIGHTH AFFIRMATIVE DEFENSE
### (Not an Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendants under 35 U.S.C. § 285, under the Court's inherent power, or otherwise.

### NINTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 because Defendants have not intentionally, willfully, or deliberately infringed any claim of the Asserted Patent, or acted with egregious conduct.

### TENTH AFFIRMATIVE DEFENSE
### (Implied Waiver, Implied License, Promissory Estoppel, Unclean Hands and/or Patent Misuse)

Plaintiff's claims are barred in whole or in part by implied waiver, express or implied license, promissory estoppel, unclean hands and/or patent misuse.

### ELEVENTH ADDITIONAL DEFENSE
(Ensnarement)

To the extent that Plaintiff alleges that Defendants infringe the Asserted Patent by equivalents, Plaintiff's claims for relief are barred, in whole or in part, by ensnaring prior art.

### RESERVATION OF ALL AFFIRMATIVE DEFENSES

Defendants hereby give notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

### JURY DEMAND

Defendants request a trial by jury on all issues so triable.

Dated: September 26, 2025       FISH & RICHARDSON P.C.

By: */s/ Benjamin C. Elacqua*
Benjamin C. Elacqua (*pro hac vice*)
Texas Bar No. 24055443
elacqua@fr.com
Ethan Kovar (*pro hac vice*)
Texas Bar No. 24138134
kovar@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713-652-0109

Aamir Kazi (*pro hac vice*)
Georgia Bar No. 104235
kazi@fr.com
Joseph R. Dorris (*pro hac vice*)
Georgia Bar No. 586708
dorris@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21

14

Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Scott M. Flanz (*pro hac vice* forthcoming)
NY Bar No. 5423801
flanz@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070

SNELL & WILMER L.L.P.

David G. Barker (#024657)
dbarker@swlaw.com
Zachary G. Schroeder (#036226)
zschroeder@swlaw.com
**SNELL & WILMER L.L.P.**
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

*Counsel for Defendants*
*NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, a copy of the foregoing was filed electronically using the CM/ECF system, which will send notification of such filing to counsel of record.

                                            */s/ Benjamin C. Elacqua*
                                            Benjamin C. Elacqua