Malvika A. Sinha (038046)
Kelleen Mull (036517)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
Tel.: (602) 381-5493
msinha@cblawyers.com
kmull@cblawyers.com

Michael T. Renaud (Admitted *pro hac vice*)
Adam S. Rizk (Admitted *pro hac vice*)
Matthew A. Karambelas (Admitted *pro hac vice*)
**MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel.: (617) 542-6000
MTrenaud@mintz.com
ARizk@mintz.com
MAKrambelas@mintz.com

*Counsel for Plaintiff
JUUL Labs, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JUUL Labs, Inc., | Case No.: 2:25-cv-02853-JJT |
| Plaintiff, | **MOTION TO STAY** |
| v. | |
| NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff JUUL Labs, Inc. ("JLI" or "Plaintiff") moves this Court for an order to stay this action against NJOY, LLC and NJOY Holdings, Inc. (collectively "NJOY") and Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC (collectively "Altria") (all collectively "Defendants"), pending a final determination of the United States International Trade Commission in the investigation entitled *Certain*

*Vaporizer Devices, Cartridges Used Therewith, And Components Thereof*, Investigation No. 337-TA-1460 ("the ITC Investigation").

JLI filed the instant action in parallel with the ITC Investigation to preserve its rights against NJOY for NJOY's past and ongoing patent infringement. Patent holder plaintiffs frequently file parallel ITC and district court actions, given that relief available in both forums is non-overlapping. At the ITC, the primary relief is only available in the form of injunctive relief—for example, an "exclusion order"—relating to importation of articles into the United States. No monetary damages for infringement are available to an ITC complainant. In the district court, on the other hand, money damages for infringement are available remedies, along with other forms of relief. Typically, defendants in a district court action who are also named respondents in an ITC action will move for a stay of the district court proceeding while the related ITC Investigation is ongoing—as is their right under 28 U.S.C. § 1659(a). Congress enacted § 1659(a) so that parties would not have to burden the federal courts with two parallel actions involving similar (if not identical) subject matter and claims. The statute reflects the legislative intent that ITC proceedings occur before their companion district court case, thus simplifying and streamlining issues for the subsequent, parallel district court case.

Here, NJOY has chosen not to exercise its right to an automatic stay under § 1659(a). JLI therefore moves for a discretionary stay instead. There is significant overlap between the ITC Investigation and this proceeding—indeed, the parties and the asserted patent are identical, and each of the categories of accused products in the ITC Investigation are also at issue in this case. A stay of the instant district court proceedings, whether brought under § 1659(a) or this Court's inherent powers, is in keeping with clear Congressional policy. A stay in this action will prevent duplicative work and the risk of inconsistent rulings, and will promote economy of time, resources, and effort for the Court and the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Further, there is no prejudice to Defendants in staying this action until the ITC Investigation is completed.

Accordingly, the Court should grant JLI's motion to stay.

2

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 8, 2025, JLI filed a complaint in this district against Defendants for infringement of U.S. Patent No. 12,156,533 (the "Asserted Patent" or "'533 Patent"). On the same day, JLI filed a Complaint against Defendants (as Respondents) in the ITC under Section 337 of the Tariff Act of 1930 as amended, styled *Certain Vaporizer Devices, Cartridges Used Therewith, and Components Thereof*, asserting the same patent. **Exhibit A**, ITC Complaint.

On September 9, 2025, the ITC issued a Notice of Institution of Investigation, to determine whether Defendants are violating Section 337 of the Tariff Act of 1930, as to the Asserted Patent. **Exhibit B**, ITC Notice of Institution. The ITC investigation has a target date for completion of investigation of January 12, 2027,[1] with a final initial determination from the Administrative Law Judge (ALJ) due no later than September 11, 2026. **Exhibit C**, ITC Order No. 5 (September 25, 2025). A claim construction hearing is scheduled for January 8, 2026, and an evidentiary hearing is scheduled for April 22-23 and 27-28, 2026. *Id.*

In the Arizona action, summons were issued as to all of the Defendants on August 8, 2025. Dkt. 6. Service was executed upon NJOY, LLC and Altria Group Distribution Company on August 11, 2025. Dkts. 9,10. Service was executed upon NJOY Holdings, Inc., Altria Group, Inc., and Altria Client Services LLC on August 12, 2025. Dkts. 11-13. Defendants collectively answered the complaint on September 26, 2025, asserting eleven affirmative defenses including noninfringement, invalidity, and estoppel. Dkt. 16. This Court has set an initial scheduling conference for November 4, 2025. Dkt. 23.

## II.  LEGAL STANDARDS

A court has the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S.

---

[1] The "target date" in an ITC Investigation is the date for completion of the Investigation by the Commission and for the issuance of the final Commission determination. *See* 19 C.F.R. § 210.651.

3

248, 254 (1936); *see also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (when there is an independent proceeding related to a matter before the trial court, the court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case" (internal citations omitted)). A stay is appropriate when the parties are involved in related judicial or administrative proceedings, even when the proceedings are not outcome determinative of the case. *Leyva v. Certified Grocers*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."). "[A] district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other related proceedings." *Pub. Emps. Ret. Ass'n of N.M. v. Earley (In re PG&E Corp. Sec. Litig.)*, 100 F.4th 1076, 1086 (9th Cir. 2024). A stay is appropriate in a patent case where the related proceeding will develop a complete record on complex patent issues, including pending cases at the ITC. *Aliphcom v. Fitbit, Inc.,* 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015) (granting motion to stay by plaintiff-complainant against the defendant-respondent); *cf. CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) (upholding a stay pending the outcome of administrative proceedings because "at the very least, the [administrative] proceeding [would] provide a means of developing comprehensive evidence bearing upon the highly technical . . . questions which [were] likely to arise in the district court case.").

There are "three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)); *CMAX,* 300 F.2d at 268.

## III. ARGUMENT

All three factors support a stay here.

### A. A stay will promote the orderly course of justice.

"[T]he orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law[,]" *Ernest Bock*, 76 F.4th at 842, significantly weighs in favor of a stay. When addressing this factor, courts in this Circuit have consistently found that a stay pending an ITC action serves the orderly course of justice, including in cased in which the patent-owner plaintiff files a motion for discretionary stay of the district court action pending the ITC proceedings. *See, e.g., Aliphcom,* 154 F. Supp. 3d at 939 (granting motion to stay by plaintiff pending ITC proceedings, noting that "[t]he ITC's consideration of issues relevant to this case thus will inform, and likely narrow, the scope of the issues to be decided here."); *see also, e.g., FormFactor, Inc. v. Micronics Japan Co.*, 2008 U.S. Dist. LEXIS 13114, No. CV-06-07159 JSW, at *10 (N.D. Cal. Feb. 11, 2008) (granting motion to stay by defendant with respect to patents asserted in district court that were related to patents asserted in pending ITC proceedings, noting that "if the ITC proceedings bear on the issues of this case, it would be the most efficient and fairest course of action to stay the remaining claims of this action."); *Arris Sols., Inc. v. Sony Interactive Entm't LLC*, 2017 U.S. Dist. LEXIS 168520, No. 5:17-cv-01098-EJD, at *7 (N.D. Cal. Oct. 10, 2017) (granting motion to stay by defendant in view of pending ITC proceedings, noting that "the substantial similarities between the patents [asserted in district court and the patents asserted in the ITC] means the proceedings before the ITC will undoubtedly and valuably inform the parties and the court once they conclude.").

The record developed in the ITC Investigation will almost certainly simplify the issues in this action. *See* H.R. Rep. No. 103-826(I), at 141-42 (explaining that the record developed in the proceeding before the ITC may be used to "expedite proceedings and provide useful information to the court"). Courts have recognized that "the issues resolved in the ITC hearing will bear 'upon the highly technical … questions which are likely to

arise in the district court case.'" *FormFactor, Inc.*, 2008 U.S. Dist. LEXIS 13114 at *10 (quoting *CMAX*, 300 F.2d at 269). Further, as the Federal Circuit noted, "the district court can attribute whatever persuasive value to the prior ITC decision that it considers justified." *Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996).

If Defendants had sought to stay this action, the Court would have been compelled to grant a stay, as Congress has made such stays mandatory. *See* 28 U.S.C. § 1659(a) (" … at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court **shall** stay …."). The underlying policy of § 1659(a) applies, however, regardless of which party moves for the stay. As the Federal Circuit has stated: "The purpose of § 1659(a) was to prevent infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007) (citing H.R. Rep. No. 103-826(I), at 141-42).

Indeed, there are risks of inconsistent results in ***not*** granting a stay under the facts of this case. As the *Aliphcom* court stated, regarding motion to stay by the plaintiff: "Should this case proceed alongside the ITC investigation, there is a strong possibility that the same patents will be interpreted differently, potentially creating inconsistent claim construction rulings, conflicting validity and enforceability determinations, and piecemeal litigation … [I]t is beyond reasonable dispute that proceeding with this action at the same time as the ITC action will likely produce a number of factually and legally inconsistent rulings regarding the identical patents at issue in both forums." 154 F. Supp. 3d at 939-40. The same concerns that animated the *Aliphcom* decision are present here. And given the earlier stage of this case, the basis for a stay is even stronger than in *Aliphcom*.

Accordingly, the "orderly course of justice" factor favors a stay.

**B.   No damage will result from the granting of a stay.**

Second, "the possible damage which may result from the granting of a stay[,]" *Ernest Bock*, 76 F.4th at 842, also weighs in favor of a stay. A delay in proceedings presumptively does not present harm to either party. *Aliphcom*, 154 F. Supp. 3d at 938

("Courts … are generally unwilling to presume delay is harmful without specific supporting evidence."). Further, as the *Aliphcom* court noted in the case of parallel ITC proceedings, "any generalized risk of delayed litigation is minimized by the fact that the ITC proceeding is moving forward on a comparatively expedited schedule." *Id.*

When considering a motion to stay pending the resolution of an ITC action, courts have generally found that this factor favors a stay. *See, e.g., Meta Platforms, Inc. v. IngenioSpec, LLC,* No. 24-cv-07915-YGR, 2025 U.S. Dist. LEXIS 92254, at *3 (N.D. Cal. Mar. 4, 2025) (finding no harm where the issues in an ITC investigation and the District Court action were "entirely overlapping"); *Aliphcom*, 154 F. Supp. 3d at 938 (similarly finding no harm in motion to stay brought by plaintiff). The case before this court is in its very early stages: the initial scheduling conference has not yet occurred, and no dispositive motions are pending. *Cf. Aliphcom* 154 F. Supp. 3d at 937 (granting a contested stay even when the defendant had a pending motion to dismiss under 35 U.S.C. § 101). The ITC Investigation, in contrast, already has a claim construction hearing date set for January 2026, a merits hearing date set for April 2026, and a completion date set for January 2027.

Therefore, there is no harm or prejudice to defendants in staying this action.

**C.    The parties and the Court would suffer hardship if a stay is not granted.**

Third, "the hardship or inequity which a party may suffer in being required to go forward[,]'" *Ernest Bock*, 76 F.4th at 842, also weighs in favor of a stay or is neutral. At a minimum, denial of a stay would require both parties to litigate the same issues on two fronts at the same time. Not only is this inefficient for the court system (as discussed in Section III.A, above), it is a financial burden on both parties. Moreover, the movant for a stay need only address this factor if there is a "fair possibility that the stay . . . will work damage to someone else." *CMAX*, 300 F.2d at 268; *see also Hawai'i v. Trump,* 233 F. Supp. 3d 850, 854 (D. Haw. 2017) ("The proponent of a stay need not make a showing of hardship or inequity unless its opponent first demonstrates that there is a 'fair possibility' that a stay will cause it injury." (quoting *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). No such showing can be made here.

The hardship to the judicial system if the stay is not granted will likely include: duplicated and simultaneous discovery, separate claim construction processes, and potentially conflicting expert testimony on the exact same patent and products. Congress established a clear policy preference for avoiding this hardship by allowing the ITC investigation to proceed first to a final determination. "The legislative history [of § 1659] explains that use of the Commission record could expedite proceedings and provide useful information to the court. The Commission record will be most helpful to the district court if it is a complete record of the Commission proceedings including all remand proceedings." *In re Princo Corp.*, 478 F.3d at 1355 (Fed. Cir. 2007). Allowing the ITC Investigation to proceed first gives the parties and the ITC a chance to work through and reduce a number of disputes germane to both cases. *See Aliphcom*, 154 F. Supp. 3d at 936 (finding that, in a motion by plaintiff for a stay pending ongoing proceedings at the ITC, "staying [the] action best promotes the critical values of conserving judicial and party resources and avoiding the highly-problematic prospect of inconsistent rulings regarding identical patents").

In sum, the "hardship" factor favors a stay or is at worst neutral. *See Aliphcom,* 154 F. Supp. 3d at 938 (finding the hardship or inequity factor "neutral in the Court's assessment").

### IV. CONCLUSION

For the foregoing reasons, JLI requests that the Court exercise its discretion in staying this action until the determination of the Commission in 337-TA-1460 becomes final.

RESPECTFULLY SUBMITTED this 14th day of October, 2025.

**COPPERSMITH BROCKELMAN PLC**

*/s/ Malvika A. Sinha*
Malvika A. Sinha
Kelleen Mull

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

Michael T. Renaud*
Adam S. Rizk*
Matthew A. Karambelas*

*Admitted *pro hac vice*

*Counsel for Plaintiff JUUL Labs, Inc.*