**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JUUL Labs Incorporated, | No. CV-25-02853-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| NJOY LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff JUUL Labs Incorporated's Motion to Stay (Doc. 25), to which Defendants NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC responded (Doc. 26), and Plaintiff replied (Doc. 30). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons below, the Court will grant in part and deny in part Plaintiff's Motion.

**I.    BACKGROUND**

This case arises from the purported infringement of Plaintiff's U.S. Patent Number 12,156,533 ("533 Patent"), which is the subject of a parallel action before the International Trade Commission in Investigation Number 337-TA-1460 ("ITC Action"). According to Plaintiff, the ITC Action has been scheduled for a *Markman* hearing on January 8, 2026, an evidentiary hearing the week of April 22, 2026, an initial determination on September 11, 2026, and a final determination on January 12, 2027. (Mot. at 3; Doc. 25-1 at 57; Reply at 3.)

When, as here, an ITC matter occurs simultaneously with a civil action involving the same parties and issues, the responding party may request a mandatory stay of the civil action. 28 U.S.C.S. § 1659(a). The mandatory stay of the civil action persists only until the ITC issues its final determination and the parties exhaust all appeals of that determination. *In re Princo Corp.*, 486 F.3d 1365, 1367–69 (Fed. Cir. 2007). Pursuant to § 1659(a), Defendants could have invoked a mandatory stay of these proceedings while the ITC Action ensued but did not. Plaintiff now moves this Court to issue a discretionary stay of this matter while the ITC Action takes place, which Defendants strongly oppose.

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay proceedings under *Landis*, courts must weigh "competing interests," *id.* at 255, which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

### A.  Factor One: Possible Damage of Granting Stay

Defendants argue that they will endure substantial damage if a stay is granted because their products, if found to infringe the 533 Patent by the ITC, will be excluded from importation. (Resp. at 8.) It is true that the ITC is authorized to determine whether imported articles infringe upon a United States patent and, if so, order the exclusion of those infringing articles from entry into the United States. 19 U.S.C.S. § 1337(a)(1)(B)(i), (d). While Defendants fairly depict a possible outcome of the ITC Action, the Court notes that exclusion of their products from importation is no more severe than the relief Plaintiff seeks in the instant matter, which includes "entry of a permanent injunction enjoining

Defendants from directly or indirectly . . . importing the products at issue." (Doc. 1 at 22.) In other words, the damage identified by Defendants is just as possible if the stay is denied as if it is granted.

Defendants are not without avenues of relief from an adverse ITC determination, either. Those determinations are appealable in accordance with 19 U.S.C.S. § 1337(c) and the Administrative Procedure Act, 5 U.S.C. §§ 701–06. And while Defendants are concerned that the administrative appeals process may be years' long until this matter returns to the Court (Resp. at 8), this future delay is highly speculative and minimized by the swift pace in which the ITC Action is currently progressing in comparison to the matter at bar. *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015) ("Here, any generalized risk of delayed litigation is minimized by the fact that the ITC proceeding is moving forward on a comparatively expedited schedule.").

Defendants cite numerous cases for the proposition that the possible damage of a stay is worsened by the competitive relationship between the parties. As Plaintiff points out, those cases discuss prejudice to a patentee suffering ongoing harm from the continued violation of its patent by a competitor. *See Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV 11-3397 JGB (RZx), 2014 LX 20964, at *10 (C.D. Cal. Dec. 5, 2014) (citing cases that address prejudice of a stay to a patentee); *Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc.*, No. SACV 13-00499-CJC(RNBx), 2015 U.S. Dist. LEXIS 136500, at *6 (C.D. Cal. Feb. 13, 2015); *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-cv-203-JRG-RSP, 2024 LX 125502, at *5 (E.D. Tex. Jan. 3, 2024) (noting that a stay may have "outsized consequences to the party asserting infringement has occurred"). This distinction is important because "[s]taying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013) (citation and internal quotation marks omitted). Here, Defendants do not hold the 533 Patent and, aside from citing the inapposite cases described above, offer no explanation as to how their competition against Plaintiff damages them if a stay was granted in this matter.

Defendants next argue that they will be harmed by the ongoing "cloud of uncertainty" of whether they have, in fact, infringed the 533 Patent if a stay is granted. (Resp. at 8–9.) This argument is unpersuasive. District courts in this Circuit have declined to presume harm from a generic and unspecified "litigation cloud." *Aliphcom*, 154 F. Supp. 3d at 938; *Google Inc. v. Creative Labs*, Inc., No. 16-cv-02628-JST, 2016 U.S. Dist. LEXIS 163696, *5 (N.D. Cal. Nov. 28, 2016); *see e.g.*, *Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit does not constitute a clear case of hardship or inequity within the meaning of *Landis*.") (internal quotation marks omitted). Defendants do not specify with any detail what harm they would experience from not being able to clear the elusive "cloud of uncertainty." To the extent that Defendants are concerned about delay, the Court notes that the ITC Action is progressing with haste and the parties are set to hold a *Markman* hearing in two months' time. Meanwhile, this Court has yet to hold a scheduling conference. Given the current timeline of these parallel actions, the ITC Action is more likely to clear the "cloud of uncertainty" quicker than the proceedings held in this Court. In sum, Defendants fail to show that they will suffer a possibility of damage if this matter is stayed, so this factor is neutral.

### B.    Factor Two: Hardship or Inequity of Denying Stay

Plaintiff argues that the financial burden of litigating in two forums at once will impose a hardship onto Plaintiff. (Mot. at 7.) However, "being required to defend a suit," or in this case, prosecute one's own claims, "does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112 (internal quotation marks omitted). The remainder of Plaintiff's argument addresses "hardship to the judicial system" (Mot. at 8; Reply at 8–9), which is more aptly related to the third *Landis* factor discussed below. Plaintiff fails to show that it will suffer hardship or inequity if required to proceed in this matter, so this factor is neutral.

### C.    Factor Three: Orderly Course of Justice

Plaintiff argues that a stay will promote the orderly course of justice because the ITC Action will develop a record that will simplify the issues in this matter. (Mot. at 5.)

According to Plaintiff, the underlying policy of § 1659(a) supports a discretionary stay because its purpose is to prevent inconsistent results from the patent infringement claims occurring in two forums simultaneously. (*Id.* at 6.)

The Court agrees that the § 1659(a) policy does provide at least some support for a discretionary stay. The legislature clearly intended for the courts to avoid the risk of inconsistent outcomes between parallel proceedings and that risk is no lesser simply because the stay is requested by a complainant rather than a respondent. Further, an ITC determination and a resulting Federal Circuit appeal may be helpful to the parties and the Court in narrowing the issues at bar. *Tillman & Bendel, Inc. v. Cal. Packing Corp.*, 63 F.2d 498, 503 (9th Cir. 1933) ("[A] well considered opinion by that federal tribunal, upon an issue so peculiarly within its province, is entitled to persuasive effect upon this court."); *Aliphcom*, 154 F. Supp. 3d at 939 (granting a stay and noting that the court would benefit from an ITC determination); *FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 U.S. Dist. LEXIS 13114, *10 (N.D. Cal. Feb. 11, 2008) (noting that a stay "will be the most prudential course of action if it is likely that the issues resolved in the ITC hearing will bear 'upon the highly technical . . . questions which are likely to arise in the district court case.'") (quoting *CMAX, Inc.*, 300 F.2d at 269); *Google Inc.*, 2016 U.S. Dist. LEXIS 163696 at *8.

However, as Defendants correctly point out (Resp. at 5), ITC determinations and appeals therefrom are not binding upon this Court. Whether or not a determination reached in the ITC Action will ultimately be persuasive as to dispositive issues here depends on the weight, if any, this Court assigns to it. *Zenith Elecs. LLC v. Sony Corp.*, No. C 11-02439 WHA, 2011 U.S. Dist. LEXIS 79976, *9 (N.D. Cal. Jul. 22, 2011). Still, the ITC Action relates to the same patent and conduct at issue here and, whether or not the Court ultimately reaches the same conclusion as the ITC, an ITC determination, record, and possible appeal are likely to simplify—not complicate—the issues at bar. *Google Inc.*, 2016 U.S. Dist. LEXIS 163696 at *8 (discussing the benefit of the ITC record and noting that "Congress

1 thought that district courts would benefit from the guidance of the ITC and Federal Circuit, even if those decisions are only persuasive"). This factor weighs in favor of granting a stay.

### III. CONCLUSION

The Court will grant a stay, but only in part. With discovery and disclosure efforts well underway in the ITC Action (Resp. at 3; Reply at 3), it is appropriate for the parties to engage in initial disclosures, fact discovery, and claim construction briefing here. By the Court's estimation, this is the most practical and fairest way to ensure this matter proceeds in a just, speedy and inexpensive fashion while avoiding needlessly inconsistent rulings with the parallel ITC Action. *See* Fed. R. Civ. P. 1.

At the upcoming Rule 16 Scheduling Conference, the Court will set pretrial deadlines short of the *Markman* hearing and completion of fact discovery. The Court will also set a deadline for the parties to file a joint report regarding the status of the *Markman* hearing occurring in the ITC Action and whether an extension of the partial stay is appropriate. All other disclosure, settlement, and dispositive motion deadlines that traditionally follow a *Markman* hearing in this Court are hereby stayed until either the parties' joint report deadline or resolution of the ITC Action, whichever comes first. Should the ITC Action resolve while this matter is pending, the parties shall file a joint notice of resolution with the Court no later than seven days thereafter.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff JUUL Labs Incorporated's Motion to Stay (Doc. 25).

**IT IS FURTHER ORDERED** staying all disclosure, settlement, and dispositive motion deadlines that traditionally follow a *Markman* hearing in this Court until either the parties' joint report deadline—which will be set at the upcoming Rule 16 Scheduling Conference—or resolution of the parallel Internal Trade Commission Investigation Number 337-TA-1460, whichever comes first. Should the parallel ITC matter resolve while

this matter is pending, the parties shall file a joint notice of resolution no later than seven days thereafter.

    Dated this 19th day of November, 2025.

_____
Honorable John J. Tuchi
United States District Judge