Malvika A. Sinha (AZ Bar No. 038046)
Kelleen Mull (AZ Bar No. 036517)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
Tel.: (602) 381-5472
msinha@cblawyers.com
kmull@cblawyers.com

Michael T. Renaud (Admitted *pro hac vice*)
Adam S. Rizk (Admitted *pro hac vice*)
Matthew A. Karambelas (Admitted *pro hac vice*)
Thomas H. Wintner (Admitted *pro hac vice*)
James J. Thomson (Admitted *pro hac vice*)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel.: (617) 542-6000

*Counsel for Plaintiff
JUUL Labs, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| JUUL Labs, Inc., | Case No. 2:25-cv-02853-JJT |
| Plaintiff, | **PLAINTIFF'S MOTION TO SEAL DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS** |
| v. | |
| NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC, | |
| Defendants. | |

**I.      INTRODUCTION**

Plaintiff JUUL Labs, Inc. ("JLI") moves to seal Defendants' Motion for Leave to File First Amended Answer and Counterclaims ("Motion"), Dkts. 51-55, until the Court can rule on the privileged and confidential nature of the lodged exhibits attached to the Motion. Defendants originally filed the exhibits at issue on the public record without notice to JLI but subsequently agreed to lodge the exhibits so that the parties may brief the issue. With this motion, JLI seeks a temporary sealing of Defendants' Motion to Amend and

lodged exhibits until the Court issues a ruling on the parties' forthcoming discovery dispute regarding the privileged and confidential nature of the documents at issue.

## II. BACKGROUND

### A. Defendants' Motion for Leave to Amend and Parallel Motion at the ITC

Defendants filed their Motion for Leave to Amend on December 5, 2025. Dkt. 47. Defendants first notified JLI of their intent to file the Motion on December 3, 2025. *See* December 3, 2025 email from M. Khan, attached as Exhibit 1. Defendants did not, however, notify JLI that they intended to attach as exhibits to the Motion documents that on their face are subject to a claim of attorney-client privilege or that should be withheld from a public filing for confidentiality reasons. *See, e.g.,* Dkt. 47-7; Dkt. 47-12. Thus, the first time JLI learned that the Defendants had publicly filed the documents at issue was on December 5, when they saw Defendants' Motion and associated exhibits, along with a similar motion to amend that Defendants filed on the same day in the parallel ITC proceeding (which included identical exhibits).

At a case management conference on December 8, 2025 in the ITC proceeding, JLI asserted privilege with respect to the same exhibits Defendants filed with its Motion in this case. The ALJ ordered Defendants to remove their motion and exhibits from the public docket in the ITC and re-file it as Confidential Business Information. Defendants promptly complied with the ALJ's order. JLI then requested that Defendants withdraw their Motion and exhibits in this matter and refile them under seal. Defendants agreed to lodge the disputed documents under seal, resulting in a joint motion to withdraw and subsequent refiling. *See* Dkt. 48.

### B. The UCSF Database[1]

Defendants' Motion relies on certain documents from the UCSF Industry Documents Library Database, Tobacco Industry ("UCSF Database"). The UCSF Database

---

[1] For a more in-depth summary of the UCSF Database and issues related to it, JLI refers the Court to a letter it wrote to ALJ Doris Johnson Hines dated December 15, 2025, attached hereto as Exhibit 2.

2

was created as a result of consent judgments entered into by JLI with various settling states, including North Carolina and California. *See*, *e.g.*, *State of North Carolina ex rel. Joshua H. Stein v. Juul Labs, Inc.*, No. 19 CVS 2885 (N.C. Super. Ct. Nov. 28, 2023) (Amended and Restated Final Consent Judgment) at ¶ 38 (attached hereto as Exhibit 3) ("North Carolina Consent Judgment"); *People of the State of California v. JUUL Labs, Inc.*, No. RG19043543 (Consent Judgment) (Cal. Super. Ct. Alameda County Apr. 17, 2023) at ¶¶ 43-46 (attached hereto as Exhibit 4) ("California Consent Judgment"). These consent judgments required that JLI make public all documents produced in those litigations, unless they were subject to certain categories of withholding, including attorney client privileged information, work-product information, or trade secret information. *See*, *e.g.*, North Carolina Consent Judgment at ¶ 38(a)(i); California Consent Judgment at ¶ 43(b)(i). Under both agreements, JLI's inadvertent disclosure of privileged or confidential information does not constitute a waiver of any privilege or confidentiality rights, and JLI may later claw back any such inadvertently disclosed documents. *See* North Carolina Consent Judgment at ¶ 38(d); California Consent Judgment at ¶ 43(d). After JLI learned about the privileged and confidential exhibits that Defendants had attached to their Motion, JLI exercised its claw back rights with respect to those documents. *See, e.g.,* Letters to the Attorneys General of North Carolina and California, attached as Exhibits. 5, 6, respectively.

All lodged exhibits attached to Defendants' Motion have been removed from the UCSF database and currently are not publicly available in any location, to the best of JLI's knowledge.[2]

### III.  LEGAL STANDARD

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To

---

[2] In an email to JLI dated December 17, 2025, the Attorney General of North Carolina indicated they were likely to have objections to certain JLI claw backs.

do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). For non-dispositive motions, a party need only show good cause to seal. *Id.*

Under Local Rule of Civil Procedure 5.6(d):

> Unless otherwise ordered by the Court, if a party wishes to file a document that has been designated as confidential by another party pursuant to a protective order or confidentiality agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal. If the parties are unable to agree on these issues, the submitting party must lodge the document (or proposed filing) under seal and file and serve a notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document (or proposed filing) should be filed under seal.

Rule 5.6(d) is contemplated "when the party who wishes to file the documents is not the same party who believes the documents should be sealed." *Hacker v. Am. Family Mut. Ins. Co. Si*, No. CV-22-01936-PHX-DLR, 2025 U.S. Dist. LEXIS 119282, at *4 (D. Ariz. June 24, 2025). Rule 5.6(d) is designed as a mechanism to allow the party wishing to seal a document to file an appropriate motion to seal. *Id.*

A motion to seal is a proper vehicle to prevent the improper disclosure of attorney-client privileged information. *See Early Warning Servs. LLC v. Johnson*, No. CV-24-01587-PHX-SMB, 2025 U.S. Dist. LEXIS 222042, at *2 (D. Ariz. Jan. 22, 2025) (explaining that an emergency motion to seal was granted "because the proposed allegations in Defendants' Motion [] contain information regarding [Plaintiff]'s attorney-client privilege, which [Plaintiff] has not waived"). Under Arizona Rules of Professional Conduct ER 4.4(b), "[a] lawyer who receives a document or electronically stored

4

information and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender and preserve the status quo for a reasonable period of time in order to permit the sender to take protective measures."

## IV.  ARGUMENT

### A.  Rule 5.6(d) is applicable because the documents have been marked confidential pursuant to a protective order in the ITC proceeding.

Contrary to Defendants' apparent argument against the applicability of Local Rule 5.6(d), the documents at issue became subject to a protective order and were designated confidential when ALJ Johnson Hines ordered them to be marked and filed as "Confidential Business Information" in the ITC. Accordingly, the dispute resolution mechanism of Rule 5.6(d) is appropriate.

### B.  The Court should temporarily seal documents that have a colorable claim of privilege pending a final ruling on the privilege issue.

With this motion, JLI seeks a *temporary* sealing of Defendants' Motion to Amend and lodged exhibits until the Court rules on the privileged and/or confidential nature of the documents. This approach will "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179.

In particular, JLI contends that the following exhibits to the Proposed Amended Answer are privileged, and further requests that they remain under seal pending a final determination by the Court in accordance with its discovery dispute resolution procedure, which JLI is separately invoking with a notice of discovery dispute:

| Exhibit No. | Description |
| --- | --- |
| B | Memorandum prepared for patent prosecution counsel during the course of patent prosecution. |
| D | Internal presentation discussing legal advice of counsel and patent prosecution strategy. |

5

| | | |
|---|---|---|
| F | Presentation prepared by patent counsel with patentability legal advice relating to patentability. |
| K | Laboratory notebook of Chenyue Xing containing notes regarding the advice of patent counsel and notes related to patent prosecution. |
| L | Hand annotated presentation reflecting meeting with patent counsel and legal advice rendered. |
| M | Internal memorandum reflecting the advice of patent and trademark counsel. |
| N | Internal email reflecting advice of patent counsel, patent counsel included in email. |
| P | Email from patent counsel reflecting legal advice and patent strategy. |
| R | Internal email discussing retention of counsel and legal advice. |
| W | Email to counsel discussing issues with representation and legal strategy moving forward. |
| X | Email to patent counsel discussing patent prosecution and strategy. |
| Y | Email to patent counsel discussing patent prosecution and strategy. |
| Z | Email from patent counsel discussing patent prosecution and strategy. |
| AA | Email from patent counsel discussing patent prosecution and strategy. |
| BB | PowerPoint prepared by patent counsel analyzing patent portfolio and offering strategic advice. |
| EE | Email from in house counsel discussing patent prosecution strategy. |
| FF | Email from patent counsel discussing patent prosecution and strategy. |

**C.   The Court should also seal documents containing trade secret information.**

Documents that contain trade secrets should also remain sealed. The Ninth Circuit has stated that "publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome" the strong presumption of public access to documents. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). To whatever extent these documents were previously public, that publication was improper,

and the documents are no longer publicly available. Plaintiff identifies the following exhibits to the Proposed Amended Answer as containing trade secret information:

| Exhibit No. | Description |
|---|---|
| B | Pre-patent formulation descriptions |
| D | Internal presentation detailing formulation and device design |
| E | Formulation descriptions |
| F | Presentation prepared by patent counsel illustrating strategic approach to patent prosecution. [This document is also covered by the attorney-client privilege] |
| I | Formulation descriptions |
| K | Laboratory notebook containing details of experimentation and formulations. |
| L | Notes from meeting with patent counsel illustrating patent prosecution strategy. [Also privileged] |
| M | Strategic internal document detailing business and legal strategy [Also privileged] |
| N | Email discussing patent prosecution strategy. [Also privileged] |
| P | Email discussing patent prosecution strategy. [Also privileged] |
| R | Email detailing business and legal strategy to increase competition. [Also privileged] |
| W | Email discussing patent prosecution strategy. [Also privileged] |
| X | Email discussing patent prosecution strategy. [Also privileged] |
| Y | Email discussing patent prosecution strategy. [Also privileged] |
| Z | Email discussing patent prosecution strategy. [Also privileged] |
| BB | Presentation discussing patent prosecution strategy. [Also privileged] |
| CC | Strategic internal document detailing business strategy. |
| DD | Strategic internal document detailing business strategy. |

| | | |
|---|---|---|
| | EE | Email discussing patent prosecution strategy. [also privileged] |

## V. CONCLUSION

JLI requests that the Court maintain under seal Defendants' Motion and the lodged exhibits filed with the Motion until the Court issues a final ruling on the privilege and confidentiality issues. JLI further requests that Dkt. 50-2 remain sealed as it contains images of the challenged exhibits.

RESPECTFULLY SUBMITTED December 19, 2025.

**COPPERSMITH BROCKELMAN PLC**

By: /s/ Malvika A. Sinha
    Malvika A. Sinha
    Kelleen Mull

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

Michael T. Renaud*
Adam S. Rizk*
Matthew A. Karambelas*
Thomas H. Wintner*
James J. Thomson*
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000

*Admitted Pro Hac Vice

*Counsel for Plaintiff
JUUL Labs, Inc.*