Malvika A. Sinha (038046)
Kelleen Mull (036517)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
Tel.: (602) 381-5493
msinha@cblawyers.com
kmull@cblawyers.com

Michael T. Renaud (Admitted *pro hac vice*)
Adam S. Rizk (Admitted *pro hac vice*)
Matthew A. Karambelas (Admitted *pro hac vice*)
James J. Thomson (Admitted *pro hac vice*)
Thomas H. Wintner (Admitted *pro hac vice*)
**MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel.: (617) 542-6000
MTrenaud@mintz.com
ARizk@mintz.com
MAKrambelas@mintz.com
jjthomson@mintz.com
twintner@mintz.com

*Counsel for Plaintiff JUUL Labs, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JUUL Labs, Inc., | Case No. 2:25-CV-02853-JJT |
| Plaintiff, | **JOINT STATEMENT OF DISCOVERY DISPUTE** |
| v. | |
| NJOY, LLC, NJOY Holdings, Inc., Altria Group, Inc., Altria Group Distribution Company, and Altria Client Services LLC, | |
| Defendants. | |

1

**Plaintiff Juul Labs, Inc.'s Summary of Dispute**

2          The parties have reached an impasse regarding the discovery and use in this

3  litigation of certain privileged and confidential documents that JLI inadvertently provided

4  to a database maintained by the University of California, San Francisco (the "UCSF

5  Database"). JLI seeks a protective order to prevent the discovery and use of its privileged

6  and confidential documents. To avoid unnecessary motion practice, JLI believes this

7  dispute is best resolved under the Court's discovery dispute procedure. JLI requests a

8  conference on this issue and of course will submit any briefing the Court may order.

9          JLI provided an enormous volume of documents on a very short notice to the UCSF

10  Database as part of consent judgments resolving litigations filed several years ago by

11  various States Attorneys General—litigations that having nothing to do with this patent

12  dispute. As JLI intends to argue, the documents at issue are clearly covered by the attorney-

13  client privilege: they are communications between attorneys and their clients for the

14  purpose of providing legal advice. As JLI also intends to argue, it did not waive the

15  privilege in the litigations brought by the State AGs, or when the documents from those

16  cases were uploaded to the UCSF Database. Each of the State AG cases included a Rule

17  502(d) order or its equivalent that provided that JLI did not waive privilege by producing

18  the documents in the underlying litigation. And in recognition of the huge volume of

19  documents to be uploaded, the consent judgments expressly allow JLI to claw back

20  privileged and confidential documents that were inadvertently uploaded to the UCSF

21  Database, and JLI's claw back rights are not time limited.

22          A protective order is also necessary to protect JLI from the undue burden and

23  expense of having to review and produce documents that are completely irrelevant to this

24  patent dispute. Indeed, the balance of interests clearly weighs in favor of a protective order

25  here: the granting of a protective order will recognize and enforce the attorney-client

26  privilege, a bedrock principle of our judicial system, while simply denying Defendants the

27  ability to discover and use documents that are irrelevant to the claims and defenses in this

28  litigation.

1

**Defendants' Summary of Dispute**

2      JLI's use of this Court's discovery dispute process is a misguided attempt to conceal

3   evidence of the fraud it committed to obtain its patents from the Patent Office.  Dkt. 51-1

4   (Am. Answer) pp. 14-44. NJOY's inequitable conduct claim is based on evidence from the

5   publicly available UCSF website.  *Id.* JLI may not like what the evidence shows, but it has

6   not identified any disputed discovery request that would trigger this process. In fact, JLI

7   failed to produce the underlying documents and admits to using this process to try to

8   exclude the public documents NJOY located under the guise of privilege.  But JLI cannot

9   ask the Court to place restrictions on public documents from a third-party website.

10   Granting JLI's request would lead to the nonsensical outcome that would prohibit the

11   parties and this Court from relying on information readily available to the general public.

12      JLI's request also fails on substance.  As NJOY explained in Dkt. 62, the challenged

13   documents are public as: (1) pursuant to consent orders with various states, JLI was

14   required to make public its internal records to provide transparency into its business

15   operations; (2) JLI provided these documents in accordance with those consent orders; (3)

16   the documents were published on the UCSF website, which has more than 100,000 yearly

17   views and is a known source for industry specific documents; (4) the documents were

18   publicly available for months—and in some cases years; and (5) even today, the documents

19   or substantively identical versions of the documents are on the UCSF website.

20      Even if the challenged documents were once privileged, that privilege was waived

21   long ago through multiple intentional acts.  After spending months reviewing and redacting

22   documents, JLI provided these specific documents to the Attorneys General and again to

23   UCSF.  Next, JLI learned by 2024 (and presumably earlier) that the UCSF website

24   contained potentially privileged documents, but did not locate these documents. Even after

25   it raised privilege objections in this case, substantively identical information remains on

26   the UCSF website and in JLI's document production. And to date, JLI has not provided a

27   compliant privilege log.  Whether knowing or reckless, JLI's acts constitute waiver. NJOY

28   requests denial.

**Meet and Confer Certification**

Pursuant to the Honorable John J. Tuchi's standing order on discovery disputes, the parties hereby jointly certify that they have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j), but have reached an impasse. A conference on this matter was conducted by Zoom on December 8, 2025; December 15, 2025; and over email correspondence on December 15, 2025.

RESPECTFULLY SUBMITTED this 24th day of December, 2025.

COPPERSMITH BROCKELMAN PLC

By: /s/ Malvika A. Sinha
　　　Malvika A. Sinha
　　　Kelleen Mull

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

　　　Michael T. Renaud*
　　　Adam S. Rizk*
　　　Matthew A. Karambelas*
　　　Thomas H. Wintner*
　　　James J. Thomson*
　　　One Financial Center
　　　Boston, MA 02111
　　　Tel: (617) 542-6000

*Admitted Pro Hac Vice

*Counsel for Plaintiff JUUL Labs, Inc.*

SNELL & WILMER L.L.P.

By: /s/ Benjamin C. Elacqua (w/permission)
　　　David G. Barker
　　　Zachary G. Schroeder
　　　One East Washington Street, Suite 2700
　　　Phoenix, Arizona 85004-2556
　　　dbarker@swlaw.com
　　　zschroeder@swlaw.com
　　　(602) 382-6000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FISH & RICHARDSON P.C.**

Benjamin C. Elacqua*
Ethan Kovar*
909 Fannin Street, Suite 2100
Houston, Texas 77010
elacqua@fr.com
kovar@fr.com
(713) 654-5300

**FISH & RICHARDSON P.C.**

Aamir Kazi*
Joseph R. Dorris*
1180 Peachtree St. NE, Fl. 21
Atlanta, Georgia 30309
kazi@fr.com
dorris@fr.com
(404) 892-5005

**FISH & RICHARDSON P.C.**

Scott M. Flanz*
7 Times Square, 20th Floor
New York, NY 10036
flanz@fr.com
(212) 765-5070

*Attorneys for Defendants
NJOY, LLC, NJOY Holdings, Inc., Altria
Group, Inc., Altria Group Distribution
Company, and Altria Client Services LLC*

* Admitted *Pro Hac Vice*

5