Eric M. Fraser (027241)
Esther G. Gold (040511)
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
efraser@omlaw.com

Michael T. Renaud *(pro hac vice)*
Adam S. Rizk (*pro hac vice*)
Thomas H. Wintner *(pro hac vice)*
Matthew C. Hurley (*pro hac vice*)
Matthew A. Karambelas (*pro hac vice*)
James J. Thomson (*pro hac vice*)
Robert C. Sweeney (*pro hac vice*)
Samuel J. Lyons *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Tung-On Kong *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
525 Market St Suite 3000
San Francisco, CA 94105
(415) 432-6000

Evan D. Diamond (*pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
(212) 935-3000

*Attorneys for Plaintiff JUUL Labs, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JUUL Labs, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>NJOY, LLC; NJOY Holdings, Inc.; Altria Group, Inc.; Altria Group Distribution Company; and Altria Client Services LLC,<br><br>Defendants. | Case No. 2:25-cv-02853-JJT<br><br>**STIPULATION TO FILE BRIEFING FROM THE MIDDLE DISTRICT OF NORTH CAROLINA UNDER SEAL** |

Pursuant to Local Rule 5.6(b),(d), it is stipulated by and between the undersigned parties and their respective attorneys that:

1. There is good cause to file unredacted versions of Plaintiff JUUL Labs, Inc.'s Memorandum of Law in Support of Motion to Enforce Subpoena and Exhibits 10 and 15 thereto (the "Lodged Materials") under seal.
2. In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Ninth Circuit recognizes that "for sealed materials attached to a discovery motion unrelated to the merits of a case …a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Foltz*, 331 F.3d at 1135).
3. "A trial court has broad discretion to permit sealing of court documents for the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Childs v. San Diego Family Hous.*, LLC, No. 19-cv-2329, 2020 U.S. Dist. LEXIS 85571, at *4 (S.D. Cal. May 14, 2020) (quoting Fed. R. Civ. P. 26(c)(1)(G)).
4. The Lodged Materials contain highly sensitive, trade-secret information of non-parties R.J. Reynolds Vapor Company and Reynolds American, Inc. (collectively "Reynolds").
5. Specifically, the Lodged Materials discuss the composition and confidential formulation information of Reynolds' products—information that has never been publicly shared, and which could be used by Reynolds' competitors to its disadvantage. The Lodged Materials also discuss Defendants' confidential

business records. *See Kamakana* 447 F.3d at 1179 (holding that compelling reasons exist where the public filing of records could "release trade secrets."); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (sealing is proper where records may be used "as sources of business information that might harm a litigant's competitive standing.").

6. The information cited by and discussed in the Lodged Materials about Reynolds' products is also derived from documents that the undersigned parties have designated as "Confidential Business Information" under the Protective Order in the parallel ITC Investigation (Inv. No. 337-TA-1460) and should be maintained as such under that Protective Order. The disclosure of the information in the Lodged Materials would harm Reynolds' standing by providing its competitors with highly confidential business information that would give competitors an unfair competitive advantage. *See JUUL Labs, Inc. v. Alderman*, No. 1:26-mc-0011, Doc. 16 at 4-5 (M.D.N.C. 2026).

7. The Middle District of North Carolina has already ruled that sealing the Lodged Materials is appropriate. *See JUUL Labs, Inc. v. Alderman*, No. 1:26-mc-0011, Doc. 16 (M.D.N.C. 2026).

8. Reynolds does not object to the filing of these materials under seal in accordance with this stipulation, with the parties' agreement and understanding that access to these materials is limited to the Court in the Arizona action and to only those individuals to whom CBI may be made available under the Protective Order (Order No. 1) in the 337-TA-1460 Investigation, *i.e.*, individuals who under Paragraph 4 of the Protective Order in the 1460 Investigation "have first read [the 1460 Protective Order] and shall have agreed, by letter filed with the Secretary of [the U.S. International Trade] Commission: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person

designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation.”.

DATED this 9th day of October, 2026.

JONES DAY

By: */s/ John A. Marlott (w/ permission)*
John A. Marlott
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 269-4236
jamarlott@jonesday.com

*Counsel for Non-Parties Steven L. Alderman, Reynolds American, Inc., and R.J. Reynolds Vapor Company.*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

By */s/ Michael T. Renaud*
Michael T. Renaud
Adam S. Rizk
Thomas H. Wintner
Matthew C. Hurley
Matthew A. Karambelas
James J. Thomson
Robert C. Sweeney
Samuel J. Lyons
One Financial Center
Boston, Massachusetts 02111

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Tung-On Kong
525 Market St Suite 3000
San Francisco, CA 94105

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Evan D. Diamond
919 Third Avenue
New York, NY 10022

OSBORN MALEDON, P.A.
Eric M. Fraser
Esther G. Gold
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

*Attorneys for Plaintiff JUUL Labs, Inc.*